## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:24-cv-838 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer D. Armstrong |
| SHERRI TENPENNY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## OPINION AND ORDER

The United States moves for a summary judgment against Defendant Sherri Tenpenny in the amount of $698,982.30, plus statutory additions pursuant to 26 U.S.C. §§ 6601, 6621, and 6622 and 28 U.S.C. § 1961(c) for tax years 2001, 2012, and 2013. Defendant argues that there is a genuine dispute of material fact whether the claim for tax year 2001 is timely. For the reasons that follow, the Court **GRANTS** Plaintiff's motion for summary judgment.

## STATEMENT OF FACTS

The Court construes the record in the light most favorable to Defendant, as the non-moving party. The record establishes the following facts:

### A. Tax Returns and Assessments

For tax year 2001, Dr. Sherri Tenpenny failed to file a tax return. (ECF No. 21-2, PageID #188.) The IRS issued a delinquency notice. (*Id.*, PageID #193.) On June 25, 2008, the United States Tax Court entered a judgment against Dr. Tenpenny for tax year 2001 in the amount of $147,450.11 with penalties of

$50,778.74 (pursuant to 26 U.S.C. § 6651(a)(1)) and $5,835.04 (pursuant to 26 U.S.C. § 6654).  (ECF No. 21-2, PageID #189; ECF No. 21-5, PageID #211.)  Dr. Tenpenny, represented by counsel, "accept[ed] entry of decision against [her][.]"  (ECF No. 21-5, PageID #211.)  On November 10, 2008, the IRS made an assessment against Dr. Tenpenny for tax year 2001 for $147,450.11, the amount of the tax court's judgment.  (ECF No. 21-2, PageID #189.)  Defendant "does not dispute" that the ten-year limitations period for tax year 2001 starts on November 10, 2008.  (ECF No. 23, PageID #224.)

For tax year 2012, Dr. Tenpenny filed a tax return reporting a tax liability of $22,527.00.  (ECF No. 21-3, PageID #197.)  On May 6, 2013, the IRS made an assessment against Dr. Tenpenny for tax year 2012 in the amount of $22,527.00.  (*Id.*)

For tax year 2013, Dr. Tenpenny filed a tax return reporting a tax liability of $32,267.74.  (ECF No. 21-4, PageID #204.)  On February 16, 2015, the IRS made an assessment against Dr. Tenpenny for tax year 2013 in the amount of $32,267.74.  (*Id.*)

For tax years 2001, 2012, and 2013, Dr. Tenpenny's total liability as of May 2, 2025 is $698,982.30.  (ECF No. 21-1, PageID #186.)

### B.     Offers-in-Compromise for Tax Year 2001

Dr. Tenpenny submitted an offer-in-compromise for tax year 2001.  (ECF No. 21-2, PageID #190).  On January 13, 2009, the IRS designated the offer-in-compromise as "pending."  (*Id.*)  On June 10, 2009, the IRS designated it as "no longer pending because [it was] returned or rejected."  (*Id.*)

Dr. Tenpenny submitted another offer-in-compromise for tax year 2001.  (*Id.*)  On January 7, 2010, the IRS stamped the offer-in-compromise as "received" at its

2

"Independence Territory 2" location.  (ECF No. 23-1, PageID #230.)  On January 14, 2010, the IRS stamped the offer-in-compromise as "received" in its Brookhaven, New York location.  (*Id*.)  On January 15, 2010, the IRS designated the offer-in-compromise as "pending."  (ECF No. 21-2, PageID #190.)  On May 17, 2011, the IRS designated it as "no longer pending because [it was] returned or rejected."  (*Id*.)

Dr. Tenpenny submitted an offer-in-compromise for tax years 2001 and 2012. (*Id*., PageID #192; ECF No. 21-3, PageID #198.)  On February 5, 2016, the IRS designated the offer-in-compromise as "pending."  (*Id*.)  On June 8, 2017, the IRS designated it as "no longer pending because [it was] returned or rejected."  (ECF No. 21-2 PageID #192; ECF No. 21-3, PageID #199.)

Dr. Tenpenny submitted another offer-in-compromise for tax years 2001 and 2012.  (ECF No. 21-2, PageID #193; ECF No. 21-3, PageID #199.)  On July 31, 2018, the IRS designated the offer in compromise as "pending."  (*Id*.)  On November 9, 2020, the IRS labeled it as "no longer pending because [it was] withdrawn or terminated." (ECF No. 21-2, PageID #193; ECF No. 21-3, PageID #200.)

### C.    Installment Agreements

On August 30, 2011, Dr. Tenpenny entered into an installment agreement for tax year 2001.  (ECF No. 21-2, PageID #191.)  On June 24, 2013, the IRS terminated the installment agreement.  (*Id*.)  All installment payments made under this agreement were applied to tax years 1995 and 1998.  (ECF No. 24-1, PageID #235–36; ECF No. 24-2, PageID #239.)

On May 5, 2015, Dr. Tenpenny entered into an installment agreement for tax years 2001, 2012, and 2013.  (ECF No. 21-2, PageID #191; ECF No. 21-3, PageID

#198; ECF No. 21-4, PageID #204).  On July 3, 2017, the IRS terminated the installment agreement.  (ECF No. 21-2, PageID #192; ECF No. 21-3, PageID# 199; ECF No. 21-4, PageID #205.)  All installment payments made under this agreement were applied to tax year 1998.  (ECF No. 24-2, PageID #240.)

## STATEMENT OF THE CASE

On May 9, 2024, Plaintiff filed a complaint for federal tax liabilities for tax years 2001, 2012, and 2013 in the total amount of $646,929.82, plus additional interest.  (ECF No. 1.)  Defendant filed a *pro se* response to the complaint, which the Court construed as a motion to dismiss for failure to state a claim.  (ECF No. 3; ECF No. 4, PageID #51.)  The Court denied the motion so construed.  (ECF No. 11.)  Then, Defendant retained counsel.  (ECF No. 13.)  Plaintiff moved for summary judgment. (ECF No. 22.)  Defendant opposed (ECF No. 23), and Plaintiff replied (ECF No. 25).

## ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  On a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *Kirilenko-Ison v. Board of Educ. of Danville Indep. Schs.*, 974 F.3d 652, 660 (6th Cir. 2020) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The moving party has the initial burden of establishing that there are no genuine issues of material fact as to an essential element of the claim or defense at

issue.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 & n.12 (6th Cir. 1989); *Chappell v. City of Cleveland*, 584 F. Supp. 2d 974, 988 (N.D. Ohio 2008).  After discovery, summary judgment is appropriate if the nonmoving party fails to establish "an element essential to that party's case and upon which that party will bear the burden of proof at trial."  *Tokmenko v. MetroHealth Sys.*, 488 F. Supp. 3d 571, 576 (N.D. Ohio 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The Court's function at this stage is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "The party seeking summary judgment has the initial burden of informing the court of the basis for its motion" and identifying the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact."  *Tokmenko*, 488 F. Supp. 3d at 576 (citing *Celotex Corp.*, 477 U.S. at 322).  Then, the nonmoving party must "set forth specific facts showing there is a genuine issue for trial."  *Id.* (citing *Anderson,* 477 U.S. at 250).  "When the moving party has carried its burden under Rule 56(c), its opponent must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

If a genuine dispute exists, meaning that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment is not appropriate.  *Tokmenko*, 488 F. Supp 3d at 576 (citing *Anderson*, 477 U.S. at 250).  However, if "the evidence is merely colorable or is not significantly probative," summary judgment for the movant is proper.  *Id.*  The "mere existence of some factual

dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson*, 477 U.S. at 247–48). "Just as a plaintiff may not rely on conclusory allegations to proceed past the pleading stage, so too a plaintiff may not rely on conclusory evidence to proceed past the summary-judgment stage." *Viet v. Le*, 951 F.3d 818, 823 (6th Cir. 2020) (cleaned up) (citations omitted). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* (quoting *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009)).

To determine whether a genuine dispute about material facts exists, it is not the Court's duty to search the record; instead, the parties must bring those facts to the Court's attention. *See Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996). Ultimately, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251.

## I. Tax Years 2012 and 2013

In ruling on Defendant's motion to dismiss, the Court construed the facts alleged in the complaint in favor of the United States, as the non-moving party, and determined that the claims for tax years 2001, 2012, and 2013 were timely. (ECF No. 11, PageID #82.) In opposition to the motion for summary judgment, Defendant disputes the timeliness of the claim on her 2001 tax liability (ECF No. 23, PageID #224–27), but does not dispute the timeliness of the claims on her 2012 or 2013 tax liabilities. In fact, Defendant makes no argument that the United States is not

6

entitled to judgment in its favor on Dr. Tenpenny's tax liability for each of these years. Review of the record demonstrates that the United States properly supports its claims regarding each of these tax years. Accordingly, the Court determines that there is no genuine dispute of material fact for tax years 2012 and 2013 and concludes that the United States is entitled to judgment in its favor reducing Dr. Tenpenny's tax liability for these years to judgment.

## II.     Tax Year 2001

Plaintiff submitted a certificate of assessment for tax year 2001. (ECF No. 21-2.) Defendant maintains that there is no genuine dispute of material fact regarding the amount of the liability for tax year 2001 or tolling of the statute of limitations. (ECF No. 22-1, PageID #217–20.) Defendant does not challenge the amount of the liability for tax year 2001 but disputes the certificate of assessment's presumption of correctness and the timeliness of the claim for tax year 2001. (ECF No. 23, PageID #224–26.)

### II.A.   Presumption of Correctness for the Certificate of Assessment

"The IRS's tax assessments enjoy 'a legal presumption of correctness' in civil cases." *United States v. Rohner*, 634 F. App'x 495, 499 (6th Cir. 2015) (quoting *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002)). Certificates of assessment are "presumptively correct and enable the government to establish a prima facie case of tax liability." *United States v. Noble*, 3 F. App'x 331, 334 (6th Cir. 2001) (citing *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir. 1992); *United States v. Walton*, 909 F.2d 915, 918–19 (6th Cir. 1990)). The taxpayer has the burden to "produce evidence to the contrary." *Id.* (citing *Walton*, 909 F.2d at 918–19). To overcome the certificate of

assessment's presumption of correctness, the taxpayer must show that the information is "incorrect or arbitrary." *Rohner*, 634 F. App'x at 499.

Defendant advances two arguments why the certificate of assessment for tax year 2001 is incorrect. The Court addresses each in turn.

*First*, Defendant argues that the certificate of assessment is incorrect because it does not account for the date of receipt of the offer-in-compromise to calculate the limitations period. (ECF No. 23, PageID #224–26.) However, the limitations period begins to run when the offer-in-compromise is designated as pending, not the date of receipt. 26 U.S.C. § 6331(k)(1) (providing that no levy may be made while an offer-in-compromise is pending). An offer-in-compromise "is pending beginning on the date the Secretary accepts such offer for processing." *Id.* Here, the record shows that the IRS stamped the offer-in-compromise as "received" at "Independence Territory 2" on January 7, 2010 and as "received" at Brookhaven, New York on January 14, 2010. (ECF No. 23-1, PageID #230.) But the date of receipt is not necessarily the date on which the Secretary accepts the offer for processing. The IRS did not designate the offer as "pending" until January 15, 2010. (ECF No. 21-2, PageID #190.)

Defendant suggests that "perhaps" the tolling event "should have been dated later than January 15, 2010" which would shorten the tolling event, increase the total days run, and make the claim untimely. (ECF No. 23, PageID #226.) However, the record contains not a scintilla of evidence that the Secretary accepted the offer for processing after January 15, 2010. Accordingly, the argument offers nothing more than mere speculation, and Dr. Tenpenny fails to carry her burden to come forward

with evidence that the certificate of assessment is incorrect for not using the date of receipt to calculate the limitations period.  In any event, the date of receipt would result in lengthening, not shortening, the time tolled.

*Second*, Defendant argues that the certificate of assessment is incorrect because "the record contains no references to any payments made under those installment agreements" for tax year 2001.  (*Id.*, PageID #227.)  Defendant argues that the absence of "references to any payments" "demonstrate[es] that the record is incomplete."  (*Id.*)  However, the record shows that the IRS applied the payments made under the installment agreements for tax year 2001 to tax years 1995 and 1998 because Dr. Tenpenny had outstanding liability for those years as well.  (ECF No. 24-1, PageID #235; ECF No. 24-2, PageID #239.)  Accordingly, the certificate of assessment is not incorrect for applying Defendant's payments to earlier tax years.

In the end, Defendant fails to produce evidence that the certificate of assessment is incorrect or arbitrary.  Therefore, the certificate of assessment for tax year 2001 is entitled to a presumption of correctness.

### II.B.  Timeliness

Defendant "does not dispute that the ten-year limitations period for the 2001 tax liability began on November 10, 2008." (ECF No. 23, PageID #224.)  Plaintiff filed the complaint on May 9, 2024.  After an assessment of a tax debt, the IRS has ten years to collect on that tax debt by levy or court proceeding.  26 U.S.C. § 6502(a)(1).  The limitations period is suspended while an offer-in-compromise or installment agreement is pending and tolled during the thirty days after an offer-in-compromise

is rejected or an installment agreement is rejected or terminated.  26 U.S.C. § 6331(k)(1)–(2).

In ruling on Defendant's motion to dismiss, taking the complaint as true, the Court analyzed the allegations and determined that Plaintiff's claim for tax year 2001 is timely.  (ECF No. 11, PageID #81.)  Now, in ruling on the motion for summary judgment, the Court reanalyzes the timeliness issue on the summary-judgment record, viewing the evidence in the light most favorable to Defendant as the non-moving party.

The record, including the certificate of assessment for tax year 2001, supports the following tolling events:

| Tolling Event | Beginning Date | Ending Date | Days Run |
|---|---|---|---|
| Time Running | 11/10/2008 | 1/12/2009 | 63 |
| Offer in Compromise (ECF No. 21-2, PageID #190.) | 1/13/2009 | 6/10/2009 | |
| Time Running | 6/11/2009 | 1/14/2010 | 217 |
| Offer in Compromise (*Id.*) | 1/15/2010 | 5/17/2011 | |
| Time Running | 5/18/2011 | 6/23/2013 | 767 |
| Installment Agreement Terminated (*Id.*, PageID #191.) | 6/24/2013 | 7/24/2013 | |
| Time Running | 7/25/2013 | 2/4/2016 | 924 |
| Offer in Compromise (*Id.*, PageID #192.) | 2/5/2016 | 6/8/2017 | |
| Time Running | 6/9/2017 | 7/2/2017 | 23 |
| Installment Agreement Terminated (*Id.*) | 7/3/2017 | 8/2/2017 | |
| Time Running | 8/3/2017 | 7/30/2018 | 361 |
| Offer in Compromise (*Id.*, PageID #193.) | 7/31/2018 | 11/9/2020 | |
| Time Running | 11/9/2020 | 5/8/2024 | 1,276 |
| | | **Total days run:** | **3,631** |
| | | **in months:** | **119.38** |
| | | **in years:** | **9.948** |

Based on this calculation, the record shows that Plaintiff's claim for tax year 2001 is timely.  On summary judgment, the record shows that a sufficient number of

11

tolling events prevented expiration of the ten-year limitations period.  While Plaintiff disagrees with the calculations, the record does not support "a sufficient disagreement to require submission to a jury." *Anderson,* 477 U.S. at 251.  Therefore, the Court finds no genuine dispute of material fact as to tax year 2001.

## CONCLUSION

For the foregoing reasons, there is no genuine dispute of material fact  that the United States is entitled to judgment in its favor reducing Dr. Tenpenny's income tax liabilities to judgment for tax years 2001, 2012, and 2013.  Therefore, the Court **GRANTS** Plaintiff's motion for summary judgment.

**SO ORDERED.**

Dated:  March 31, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio

12